William O'FARRELL, Michael P. Coyle, Maryellen Francke, Edward Keyser, and Teamsters Local 500 Severance Trust Fund,

v.

**TWIN BROTHERS MEATS, INC.**

Civ. A. No. 94–4722.

United States District Court, E.D. Pennsylvania.

March 14, 1995.

Christopher J. Murphy, Bray & Reardon, P.C., Blue Bell, PA, for plaintiffs.

Robert J. Donaghy, Newton, PA, for defendant.

**MEMORANDUM**

JOYNER, District Judge.

Plaintiffs have moved this Court for Summary Judgment. In considering a motion for summary judgment, a court must consider whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must determine whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. *Id.* at 256, 106 S.Ct. at 2514. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir.1990), *cert. denied*, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)). Plaintiffs support their Motion with the affidavits of several union officials and auditors explaining the delinquencies, as well as a copy of the audit itself and copies of the contracts at issue.

In Defendant's Response to Plaintiffs' Motion for Summary Judgment, Defendant admits each paragraph of Plaintiffs' Motion with two exceptions. First, it denies "as stated" paragraph 8 of the Motion for Summary Judgment. Paragraph 8 alleges that although Defendant has made some payments toward its delinquencies, it has not satisfied the entire debt. Defendant clarifies this paragraph to assert that it believed that in August of 1994 it had entered into a settlement with Plaintiffs and subsequently paid what it believed the terms of the settlement required. Significantly, though, its Response does not deny that it currently owes delinquencies, but simply denies Plaintiffs' statement "as stated."

Second, Defendant denies paragraph 12 as a conclusion of law, and by way of further answer states, "Plaintiffs should not be awarded the amount sought given the circumstances of this matter." Defendant's Reply ¶ 12. The circumstances apparently are that its bookkeeper has died and its records are in disarray, and also that it does not have the money with which to satisfy the delinquencies.

As a result of Defendant's Response, the only possible issue of material fact in this litigation is whether there was a settlement entered into in August, 1994. We find that Defendant has not met its burden of proving

such a settlement. The only evidence provided to oppose the summary judgment motion is Defendant's President's affidavit. This affidavit states "I made what I thought was a settlement agreement...." This averment is a far cry from the evidence required to create a genuine issue of material fact. *Anderson*, 477 U.S. at 251, 106 S.Ct. at 2511 ("mere scintilla" of evidence not enough to survive summary judgment).

Defendant's only other argument in opposition to this motion is that a case cited by Plaintiffs is inapplicable because of variant facts. Plaintiffs cited *Carpenters Health & Welfare Fund v. Building Tech. Inc.*, 747 F.Supp. 288 (E.D.Pa.1990) as support for the proposition that a fiduciary may seek recovery of delinquent payments to a pension plan protected by ERISA. Defendant does not challenge the legal support *Carpenters* lends to this case, but argues that because this case is at a different procedural stage that it is inapplicable. We disagree. The substantive law does not change at the various points of a lawsuit, and so the substantive law used to resolve the *Carpenters* non-jury trial is the same law we apply to this summary judgment motion.

Accordingly, because Defendant has admitted every material allegation in Plaintiffs' Motion for Summary Judgment, we find that there are no genuine issues of material fact and that summary judgment is appropriate.

An appropriate Order follows.

### ORDER

AND NOW, this 14th day of March, 1995, upon consideration of Plaintiffs' Motion for Summary Judgment and responses thereto, the Motion is hereby GRANTED and judgment is entered in favor of the Plaintiffs and against Defendant on all delinquent contributions arising on or after January 1, 1993. It is ORDERED that Defendant shall pay Plaintiffs $29,151.08, representing the principal balances of outstanding contributions, interest on such contributions and liquidated damages on such delinquent contributions. It is FURTHER ORDERED that Defendant shall pay Plaintiffs:

(1) attorneys' fees and costs associated with this litigation and

(2) auditor's fees and expenses incurred by Plaintiffs in this matter.

Plaintiffs shall submit a statement of such fees and costs within 15 days of the date of this Order's entry.

It is FURTHER ORDERED that Defendant is enjoined to pay any and all future contributions to the Plaintiff Fund as they become due in accordance with both the terms of the collective bargaining agreements to which Defendant is a party and the governing documents of the Plaintiff Fund.